**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| FRIEDRICH AIR CONDITIONING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWIN CITY FIRE INSURANCE COMPANY,<br><br>Defendant. | Case No. 8:26-cv-________________ |

**COMPLAINT FOR DECLARATORY JUDGMENT**
**AND BREACH OF CONTRACT**

Plaintiff Friedrich Air Conditioning, LLC ("Friedrich"), for its Complaint against Defendant Twin City Fire Insurance Company ("Twin City"), alleges as follows:

## I. NATURE OF THE ACTION

1. This is an insurance coverage dispute. Friedrich seeks (a) a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 adjudicating the parties' respective rights and obligations under liability insurance policies issued by Twin City to Friedrich, including a declaration that Twin City owes Friedrich a duty to defend and a duty to indemnify in connection with the lawsuit styled *5G Studio Collaborative, LLC v. Friedrich Air Conditioning, LLC, et al.*, Case No. 2021

CA000712AX, pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida (the "Underlying Lawsuit"); and (b) damages for Twin City's breach of those policies.

2. Twin City—a member of The Hartford Financial Services Group, Inc.—issued to Friedrich, as the named insured, consecutive annual primary and umbrella liability policies. Under those policies, Twin City agreed, among other things, to pay sums that Friedrich becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence," and—once Friedrich exhausts a $100,000 self-insured retention—assume the right and duty to defend Friedrich against any suit seeking such damages.

3. The Underlying Lawsuit seeks damages from Friedrich for property damage allegedly arising out of defects in Friedrich packaged heat-pump air-conditioning units installed at the IMG Legacy Hotel in Bradenton, Manatee County, Florida (the "Project"). Among other things, the operative pleadings in the Underlying Lawsuit allege that the units "contained numerous defects," failed to properly condition the air at the hotel, and caused uncontrolled, high-humidity conditions resulting in "moisture propagation" and associated property damage throughout the hotel's guest rooms.

4. Friedrich timely tendered the Underlying Lawsuit to Twin City and exhausted its self-insured retention. But by letter dated August 17, 2022, Twin City

denied coverage outright, refusing either to defend or to indemnify Friedrich, in reliance on three policy exclusions. Twin City reaffirmed its denial by letter dated January 6, 2023, even while declining to contest Friedrich's showing that no single exclusion it invoked unambiguously excludes coverage for all claims asserted against Friedrich in the Underlying Lawsuit.

5. Because the Underlying Lawsuit alleges at least some claims and damages potentially within the policies' coverage, Twin City owes Friedrich a complete defense of the Underlying Lawsuit. Twin City's refusal to defend breaches its policies. An actual, justiciable controversy therefore exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## II. THE PARTIES

6. Friedrich is a limited liability company. Friedrich's sole member is Rheem Sales Company, a Delaware corporation with its principal place of business in Georgia. Friedrich is therefore a citizen of Delaware and Georgia for purposes of diversity jurisdiction. Friedrich manufactures and sells air-conditioning and other climate-control products.

7. Twin City is an Indiana insurance company with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. Twin City is therefore a citizen of Indiana and Connecticut for purposes of diversity jurisdiction. At all

relevant times, Twin City was authorized to transact, and did transact, the business of insurance in Florida, including by insuring risks located in Florida.

## III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Friedrich and Twin City.

9. An actual and justiciable controversy exists between Friedrich and Twin City regarding their respective rights and obligations under the policies described below. Under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, this Court may declare the parties' rights and other legal relations and grant further necessary or proper relief.

10. This Court has personal jurisdiction over Twin City because, among other things, Twin City is authorized to transact and transacts the business of insurance in Florida; Twin City contracted to insure Friedrich against risks located within Florida, including the Project; and this action arises out of Twin City's refusal to perform insurance obligations owed in connection with the Project and the Underlying Lawsuit, both of which are located and pending in Florida. *See* Fla. Stat. § 48.193(1)(a).

11. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Friedrich's claims occurred in this

District: the Project is located in Manatee County, Florida; the property damage alleged in the Underlying Lawsuit occurred in Manatee County, Florida; and the Underlying Lawsuit that Twin City has refused to defend is pending in Manatee County, Florida.

12. Venue is proper in the Tampa Division under Local Rule 1.04(a) because this action accrued in substantial part in Manatee County, Florida.

## IV. FACTUAL BACKGROUND

### A. The Policies

13. Twin City issued to Friedrich, as the named insured, annual, consecutive commercial general liability insurance policies numbered 61 ECS OF 5938, with effective dates of November 30, 2017 to November 30, 2018; November 30, 2018 to November 30, 2019; and November 30, 2019 to November 30, 2020 (collectively, the "Primary Policies"). True and correct copies of the Primary Policies are attached as Composite Exhibit A.

14. Twin City also issued to Friedrich, as the named insured, annual, consecutive umbrella liability insurance policies numbered 61 HU ON 2099, with effective dates of November 30, 2017 to November 30, 2018; November 30, 2018 to November 30, 2019; and November 30, 2019 to November 30, 2020 (collectively, the "Umbrella Policies," and together with the Primary Policies, the "Policies").

True and correct copies of the Umbrella Policies are attached as Composite Exhibit B.

15. The Primary Policies contain a self-insured retention of $100,000 (the "SIR").

16. The Primary Policies contain Form EH 00 02 06 05, entitled COMMERCIAL GENERAL LIABILITY COVERAGE FORM (EXCESS – BROAD FORM), which provides in pertinent part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that you or any insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies; but only to the extent that such "bodily injury" or "property damage" is in excess of the "self-insured retention" that has been exhausted solely by your payment of "claim expenses" and that portion of judgments or settlements to which this insurance would have applied in the absence of the "self-insured retention".
>
> b. You are responsible for payment of expenses for any defense counsel selected by or on behalf of you or any insured, including "claim expenses", until the "self-insured retention" has been exhausted solely by your payment of "claim expenses" and that portion of judgments or settlements to which this insurance would have applied in the absence of the "self-insured retention". . . .
>
> c. If the claim is within the amount of the "self-insured retention", then subject to subsection d. below, you shall have the duty to defend any "suit" brought against you or any insured seeking damages because of "bodily injury" or "property damage" to which this insurance applies. Such duty shall continue until the "self-insured retention" has been exhausted solely by your payment of "claim expenses" and that portion of judgments or settlements to which this

> insurance would have applied in the absence of the "self-insured retention".
>
> If, however, the amount you have paid on your behalf or on behalf of any insured, for "claim expenses" or judgments and settlements for a claim exceeds the amount of the "self-insured retention", then we shall have the right and duty to defend you or such insured against such claim. Our right and duty to defend ends when we have used up the Limits of Insurance in the payment of judgments or settlements to which this Coverage Part applies.

17. The Primary Policies are thus duty-to-defend policies: once the SIR is exhausted by Friedrich's payment of claim expenses, Twin City has the right and duty to defend Friedrich against any suit seeking damages because of "bodily injury" or "property damage" to which the insurance applies.

18. The insurance afforded by the Primary Policies applies to "bodily injury" and "property damage" if, among other things, the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" and occurs during the policy period.

19. The Primary Policies define "property damage" to mean: "a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

20. The Primary Policies define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

21. The Umbrella Policies contain Form XN 000716 06-05, entitled UMBRELLA LIABILITY INSURANCE POLICY – POLICY PROVISIONS, under which Twin City agreed to "pay on behalf of the insured those sums that the insured shall become legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this policy applies," in excess of the limits of "underlying insurance" or, with respect to damages "[t]o which no 'underlying insurance' applies," in excess of the "self-insured retention." The Umbrella Policies define "property damage" and "occurrence" in substantially the same manner as the Primary Policies.

22. Friedrich paid all premiums owed for the Policies, and the Policies were in full force and effect at all times relevant to this action.

**B. The Project and the Underlying Lawsuit**

23. The Project is the IMG Legacy Hotel, an approximately 150-room hotel located in Bradenton, Manatee County, Florida. IMG Academy ("IMG") is the owner and operator of the hotel.

24. For the Project, Academy Hotel, LLC ("Academy") entered into a construction agreement with general contractor P.J. Hayes, Inc. d/b/a Tandem

Construction ("Tandem"). Academy also contracted with 5G Studio Collaborative, LLC ("5G") to provide design services for the Project. 5G, in turn, contracted with MEP Systems Design & Engineering, Inc. ("MEP") to provide professional mechanical and electrical engineering services for the Project, and MEP engaged Robert David Anderson, P.E. ("Anderson"), a professional engineer, who designed a portion of the HVAC system.

25. While serving as the mechanical, electrical, and plumbing engineer of record, MEP selected and designed the Project's HVAC systems. In an approved HVAC submittal, MEP selected the Friedrich Variable Refrigerant Packaged Heat Pump System (the "VRP units") with a reheat coil and the FreshAire option as part of its HVAC system design for the Project. Tandem also prepared an HVAC submittal specifying the Friedrich VRP units with the reheat coil feature and the FreshAire option, which Tandem provided to the design professionals for approval.

26. Tandem subcontracted with Power Air Conditioning, Inc. ("Power Air"), an HVAC contractor, which supplied and installed the VRP units at the Project. But the final mechanical drawings, which Anderson signed and sealed, did not specify VRP units with the reheat coil or the FreshAire option, and the VRP units as installed did not include the reheat coil feature or the FreshAire option.

27. Friedrich manufactured the VRP units. Friedrich had no contract with any party on the Project other than Power Air and performed no operations, installation, design, or other services at the Project.

28. On or about September 9, 2020, Academy filed a Statement of Claim with the American Arbitration Association against 5G (the "Arbitration Action"), alleging that 5G provided defective design services for the Project. A true and correct copy of Academy's Statement of Claim in the Arbitration Action is attached as Exhibit C. In its Statement of Claim, Academy alleges that it sustained "substantial losses, including property damage," and that "humidity levels in the hotel's guest rooms exceeded acceptable thresholds resulting in moisture propagation and fungal growth in the guest rooms." Academy thus alleges uncontrolled, high-humidity conditions and resulting "moisture propagation" property damage independent of any mold or fungal growth.

29. Separately, IMG demanded that 5G fund repairs it alleged were needed at the Project, and 5G served Friedrich with a notice and demand under Chapter 558, Florida Statutes, demanding that Friedrich defend and indemnify 5G against IMG's claim.

30. In 2021, 5G filed the Underlying Lawsuit against MEP, Anderson, Tandem, Power Air, and Friedrich, seeking relief relating to the claims asserted against 5G in the Arbitration Action. A true and correct copy of the operative

complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached as Exhibit D. The Underlying Complaint incorporates and attaches Academy's Statement of Claim in the Arbitration Action.

31. The Underlying Complaint asserts a claim against Friedrich for breach of implied warranty of fitness for a particular purpose. Among other things, 5G alleges that the VRP units "contained numerous defects"; that the VRP units "do not properly condition the air to maintain acceptable indoor humidity" at the Project; and that the VRP units caused excessive humidity in the hotel's rooms. *See* Underlying Complaint, ¶ 27. 5G seeks damages from the defendants, including Friedrich, if 5G is found liable to Academy in the Arbitration Action.

32. The Underlying Complaint also alleges that the VRP units were "defective," and alleges that other defendants breached duties, including the duty to act in a manner that "would not lead to defective construction or damages to the Project."

33. The Underlying Lawsuit thus seeks damages from Friedrich because of "property damage," as defined in the Policies—including physical injury to tangible property at the hotel resulting from uncontrolled, high-humidity conditions and "moisture propagation," and loss of use of the hotel and its guest rooms—allegedly caused by an "occurrence," namely, continuous or repeated exposure to substantially

the same general harmful conditions, occurring during the policy periods of the Policies.

34. The Underlying Lawsuit remains pending against Friedrich.

**C. Friedrich's Tender and Twin City's Denial**

35. Friedrich timely notified Twin City of, and tendered to Twin City, the claims against Friedrich relating to the Project, including the Underlying Lawsuit, and requested a defense and indemnity under the Policies.

36. By letters dated June 11, 2020 and May 5, 2021, Twin City acknowledged the claims and advised that it would investigate under a reservation of rights and that Friedrich was responsible for claim expenses until the SIR was exhausted.

37. By letter dated August 17, 2022 (the "Denial Letter"), Twin City denied coverage, stating that "coverage is not available and The Hartford will not defend or indemnify Friedrich in connection with claims relating to the Project and Lawsuit." A true and correct copy of the Denial Letter is attached as Exhibit E.

38. The Denial Letter relied on three exclusions: (a) Form HC 21 90 06 08, EXCLUSION – FUNGI, BACTERIA AND VIRUSES (the "Mold Exclusion"); (b) Form CG 22 33 04 13, EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS (the "Testing or Consulting Exclusion"); and (c) Form HS 21 61 06 05, EXCLUSION – PROFESSIONAL LIABILITY (the "Professional Liability

Exclusion”). The Denial Letter cited substantially similar exclusions in the Umbrella Policies and denied coverage under the Umbrella Policies on the same grounds. The Denial Letter also purported to reserve rights on additional grounds, including whether the damages sought in the Underlying Lawsuit are because of “property damage” caused by an “occurrence” and whether exclusions k. (Damage to Your Product) and m. (Damage to Impaired Property or Property Not Physically Injured) apply.

39. The Mold Exclusion provides:

> This insurance does not apply to:
>
> 1. Injury or damage arising out of or related to the presence of, suspected presence of, or exposure to:
>
> a. Fungi, including but not limited to mold, mildew, and yeast;
>
> b. Bacteria;
>
> c. Viruses; or
>
> d. Dust, spores, odors, particulates or byproducts, including but not limited to mycotoxins and endotoxins, resulting from any of the organisms listed in a., b., or c. above;
>
> from any source whatsoever.
>
> 2. Any loss, cost or expense arising out of the testing for, monitoring of, cleaning up of, removal of, containment of, treatment of, detoxification of, neutralization of, remediation of, disposal of, or any other response to or assessment of, the effects of any of the items in 1.a., b., c. or d. above, from any source whatsoever.
>
> However, this exclusion does not apply to “bodily injury” or “property damage” caused by the ingestion of food.

40. The Testing or Consulting Exclusion provides:

> This insurance does not apply to “bodily injury”, “property damage” or “personal and advertising injury” arising out of:

> 1. An error, omission, defect or deficiency in;
>
> a. Any test performed; or
>
> b. An evaluation, a consultation or advice given;
>
> by or on behalf of any insured;
>
> 2. The reporting of or reliance upon any such test, evaluation, consultation or advice; or
>
> 3. An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

41. The Professional Liability Exclusion provides:

> This insurance does not apply to any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" arising out of or relating to, in whole or in part, the actual or alleged rendering or failure to render any professional services . . . .

42. By letter dated October 4, 2022, Friedrich, through counsel, responded to the Denial Letter and explained that none of the exclusions invoked by Twin City unambiguously excludes coverage for all the claims and damages alleged in the Underlying Lawsuit, and demanded that Twin City withdraw its denial and honor its defense obligations under the Policies. A true and correct copy of Friedrich's October 4, 2022 letter is attached as Exhibit F.

43. By e-mail dated November 18, 2022 and letter dated January 6, 2023, Twin City reaffirmed its denial of coverage in its entirety. A true and correct copy of Twin City's January 6, 2023 letter is attached as Exhibit G. While acknowledging Friedrich's showing that no individual exclusion "unambiguously exclude[s] coverage for all claims asserted in the Underlying Lawsuit," Twin City did not

contend otherwise; instead, "[w]hile not conceding that that assertion is true," Twin City asserted that the claims against Friedrich are excluded under "one or more of the referenced exclusions when applied together."

44. Twin City has refused, and continues to refuse, to acknowledge coverage to Friedrich in the Underlying Lawsuit.

**D. Twin City Owes Friedrich a Defense and Indemnity**

45. An insurer's duty to defend is distinct from, and broader than, its duty to indemnify. The duty to defend is determined by comparing the allegations of the operative pleadings in the underlying action with the terms of the policy. If the underlying allegations state facts that bring the case potentially within the scope of the policy's coverage, the insurer must defend the entire suit. Any doubt as to whether the underlying allegations trigger the duty to defend must be resolved in the insured's favor, and exclusions are construed narrowly against the insurer. An insurer seeking to avoid its duty to defend based on an exclusion bears the burden of demonstrating that the allegations of the underlying pleadings fall wholly and unambiguously within the exclusion.

46. The Mold Exclusion does not eliminate the potential for coverage. The Underlying Complaint, including the incorporated Statement of Claim, alleges uncontrolled, high-humidity conditions resulting in "moisture propagation" and associated property damage to the hotel and its guest rooms independent of any mold

or fungal growth. The Underlying Lawsuit therefore seeks damages for property damage that does not arise out of and is not related to the presence of fungi, and that is not excluded by the Mold Exclusion.

47. The Testing or Consulting Exclusion does not eliminate the potential for coverage. The Underlying Complaint alleges property damage arising from claimed defects in the VRP units themselves—independent of any test, evaluation, consultation, or advice given by or on behalf of Friedrich, or any reporting of or reliance on any such test, evaluation, consultation, or advice.

48. The Professional Liability Exclusion does not eliminate the potential for coverage. Friedrich is a product manufacturer; it did not render professional services in connection with the Project, and the claim asserted against Friedrich in the Underlying Lawsuit is a product-based implied warranty claim. The Underlying Complaint alleges property damage arising from claimed defects in the VRP units independent of any actual or alleged rendering of, or failure to render, professional services by Friedrich, and independent of any alleged reliance on Friedrich's skill or judgment.

49. Nor does any other provision of the Policies eliminate the potential for coverage. Among other things, the Underlying Lawsuit alleges physical injury to, and loss of use of, tangible property other than Friedrich's product—including damage to the hotel's guest rooms and other building components resulting from

moisture propagation—such that neither exclusion k. (Damage to Your Product) nor exclusion m. (Damage to Impaired Property or Property Not Physically Injured) applies to preclude the potential for coverage.

50. Because at least some of the claims and damages alleged in the Underlying Lawsuit are potentially within the coverage afforded by the Primary Policies, Twin City owes Friedrich a complete defense of the Underlying Lawsuit. If it is determined that the Primary Policies do not apply to any claim or damages alleged in the Underlying Lawsuit, the Umbrella Policies afford coverage for such claim or damages, and Twin City owes Friedrich defense and indemnity obligations under the Umbrella Policies.

## COUNT I
## DECLARATORY JUDGMENT — 28 U.S.C. §§ 2201 AND 2202

51. Friedrich realleges and incorporates by reference paragraphs 1 through 50.

52. An actual, present, and justiciable controversy exists between Friedrich and Twin City concerning their respective rights and obligations under the Policies with respect to the Underlying Lawsuit. Friedrich contends, and Twin City disputes, that Twin City owes Friedrich a duty to defend and a duty to indemnify in connection with the Underlying Lawsuit.

53. Twin City's denial of coverage and refusal to defend have left Friedrich uncertain of its rights under the Policies while it defends, at its own expense, an

action seeking substantial damages. The controversy between the parties is of sufficient immediacy and reality to warrant a declaratory judgment, and a declaration by this Court will resolve the controversy and afford the parties relief from that uncertainty.

54. Friedrich is entitled to a declaratory judgment that: (a) the claims and damages alleged in the Underlying Lawsuit are, at minimum, potentially within the coverage afforded by the Policies; (b) no exclusion in the Policies, singly or in combination, unambiguously excludes coverage for all the claims and damages alleged in the Underlying Lawsuit; (c) Twin City owes Friedrich a duty to defend the Underlying Lawsuit, effective from the date of exhaustion of the SIR; (d) Twin City must reimburse Friedrich for the reasonable attorney's fees and costs Friedrich has incurred, and to pay the reasonable attorney's fees and costs Friedrich will incur, in the defense of the Underlying Lawsuit in excess of the SIR, together with interest; and (e) Twin City owes Friedrich a duty to indemnify Friedrich, up to the applicable limits of the Policies, for any settlement of or judgment entered in the Underlying Lawsuit for which Friedrich is or becomes legally obligated.

**COUNT II**
**BREACH OF CONTRACT**

55. Friedrich realleges and incorporates by reference paragraphs 1 through 50.

56. The Policies are valid and enforceable contracts of insurance between Friedrich and Twin City, supported by Friedrich's payment of premiums.

57. Friedrich has performed all its obligations under the Policies and has satisfied all conditions precedent to coverage, including timely notice and tender of the Underlying Lawsuit, or such conditions have been waived or excused by Twin City's conduct, including its unequivocal denial of coverage.

58. Twin City has materially breached the Policies by, among other things: (a) refusing to acknowledge its duty to defend Friedrich in the Underlying Lawsuit after exhaustion of the SIR; and (b) anticipatorily repudiating its obligation to indemnify Friedrich for any settlement or judgment in the Underlying Lawsuit.

59. As a direct and proximate result of Twin City's breaches, Friedrich has suffered and continues to suffer damages, including the attorney's fees and costs Friedrich incurs in the defense of the Underlying Lawsuit in excess of the SIR, in an amount to be proven at trial, together with pre- and post-judgment interest, and any amounts Friedrich is or becomes legally obligated to pay in settlement of or upon judgment in the Underlying Lawsuit.

60. Friedrich is also entitled to recover its reasonable attorney's fees and costs incurred in prosecuting this action under applicable law, including, as applicable, section 627.428, Florida Statutes (as in effect at the time the Policies

were issued), Chapter 542 of the Texas Insurance Code, and/or section 38.001 of the Texas Civil Practice and Remedies Code.

## PRAYER FOR RELIEF

WHEREFORE, Friedrich respectfully requests that the Court enter judgment in its favor and against Twin City as follows:

(a) Declaring that: (i) the claims and damages alleged in the Underlying Lawsuit are, at minimum, potentially within the coverage afforded by the Policies; (ii) no exclusion in the Policies, singly or in combination, unambiguously excludes coverage for all the claims and damages alleged in the Underlying Lawsuit; (iii) Twin City owes Friedrich a duty to defend the Underlying Lawsuit, effective from the date of exhaustion of the SIR; (iv) Twin City must reimburse Friedrich for the reasonable attorney's fees and costs incurred, and pay the reasonable attorney's fees and costs to be incurred, in the defense of the Underlying Lawsuit in excess of the SIR, with interest; and (v) Twin City owes Friedrich a duty to indemnify Friedrich, up to the applicable limits of the Policies, for any settlement of or judgment entered in the Underlying Lawsuit;

(b) Awarding Friedrich compensatory damages for Twin City's breach of the Policies in an amount to be proven at trial;

(c) Awarding Friedrich pre-judgment and post-judgment interest as allowed by law;

(d) Awarding Friedrich its reasonable attorney's fees and costs incurred in this action as allowed by applicable law; and

(e) Granting Friedrich such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Friedrich demands a trial by jury on all issues so triable.

Dated: August 14, 2026.

Respectfully submitted,

FELLOWS LABRIOLA LLP

*/s/ Ethan M. Knott*
Ethan M. Knott
Florida Bar No. 116421
Shattuck Ely*
Georgia Bar No. 246944
Peachtree Center, Suite 2400 Harris Tower
233 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 586-9200
eknott@fellab.com
tely@fellab.com

**Pro hac vice application forthcoming*

*Counsel for Plaintiff Friedrich Air Conditioning, LLC*